MANDATE

CTDC/NHCT
01-cv-1212
ARTERTON

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of June, two thousand and four.

PRESENT:

        HON. GUIDO CALABRESI,
        HON. RICHARD C. WESLEY

                *Circuit Judges,*

        HON. FREDERICK J. SCULLIN, JR.,

                *District Judge.*

---

OHIO CASUALTY INSURANCE COMPANY, also
known as American National Fire Insurance Co.,

    *Plaintiff-Appellee,*

        v.                               No.    03-9067

MARIE GENTILE, Ind & as admin of Est of John Gentile,

    *Defendant.*

---

     The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

1

1   DENTEK, INC., KAMILLA SIEKIERSKI, MIDDLESEX MUTUAL ASSURANCE CO. and
2   GENERAL MOTORS ACCEPTANCE CORPORATION,
3
4          *Defendants-Appellants.*
5
6   For Plaintiff-Appellee:              JACK G. STEIGELFEST, Howard Kohn Sprague
7                                        & Fitzgerald, Hartford, CT
8
9   For Defendants-Appellants:           ANTHONY B. CORLETO, Corleto & Associates,
10                                        Danbury, CT, *for* Defendants-Appellants Dentek,
11                                        Inc. and Kamilla Siekierski
12
13                                        John J. Coughlin, Coughlin & Malone, Milford, CT,
14                                        *for* Defendant-Appellant Middlesex Mutual
15                                        Assurance Company
16
17                                        Marc S. Edrich, Litchfield Cavo, Avon, CT, *for*
18                                        Defendant-Appellant GMAC
19
20          Appeal from the United States District Court for the District of Connecticut (Arterton,
21   *J.*).
22
23
24
25   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
26   **DECREED that the judgment of the district court be and it hereby is AFFIRMED.**
27
28
29

30          Plaintiff-Appellee Ohio Casualty Insurance Company ("Ohio Casualty") filed this

31   declaratory judgment action in United States District Court for the District of Connecticut against

32   Dentek, Inc. ("Dentek"), Kamilla Siekierski, Middlesex Mutual Assurance Company

33   ("Middlesex"), General Motors Acceptance Corporation ("GMAC") and Marie Gentile

34   (individually and as administratrix of John Gentile).  The suit sought a declaration (1) that Ohio

35   Casualty's car insurance policy provided no coverage for the April 15, 2000 automobile accident

36   involving Siekierski and the Gentiles, and (2) that Ohio Casualty consequently has no duty to

37   defend in a presently pending state court action brought by Gentile against Siekierski, Dentek and

1    GMAC.

2    Dentek leased a 1998 Oldsmobile from GMAC, primarily for the use (both personal and

3    business) of Siekierski, Dentek's president. Siekierski was driving the Oldsmobile when she was

4    involved in the April 2000 accident with the Gentiles. At that time, two separate insurance

5    policies potentially provided coverage applicable to the accident: the Ohio Casualty policy and a

6    separate insurance policy issued by Middlesex. Ohio Casualty took the position below that its

7    policy did not cover the Oldsmobile for the accident in question, given an automatic termination

8    provision, which, on its view, was activated by the purchase of the Middlesex policy.[1]

9    Defendants argued that the provision in question did not, under the circumstances, terminate

10    Ohio Casualty coverage.

11    The district court (Arterton, J.) granted summary judgment to Ohio Casualty, finding no

12    material dispute as to the application of the automatic termination provision. Defendants appeal

13    that determination. We affirm, substantially for the reasons given by the court below: we find

14    that the language of the policy is clear, that the 1998 Oldsmobile was a "designated" auto within

15    the meaning of the provision, and that Dentek had – for all relevant purposes – "purchase[d]" the

16    Middlesex policy, thereby triggering termination.

17    Defendants further argue on appeal that the district court abused its discretion in failing to

18    compel Ohio Casualty to produce further witnesses for depositions. Leaving aside the question

19    of whether GMAC's request to this effect in the district court complied with the requirements of

---

[1] The termination provision read as follows:

With respect to automobile liability insurance policies only, your policy shall terminate
on the effective date of any other insurance policy you purchase with respect to any
automobile designated in both policies.

1     Fed. R. Civ. P. 7(b)(1) – which provides that "[a]n application to the court for an order shall be

2     by motion which . . . shall state with particularity the grounds therefor, and shall set forth the

3     relief or order sought" – GMAC failed to file a Rule 56(f) affidavit necessary to support its claim

4     of inadequate discovery.  See Fed. R. Civ. P. 56(f); *DiBenedetto v. Pan Am World Service, Inc.*,

5     359 F.3d 627, 630 (2d Cir. 2004) ("'The failure to file an affidavit under Rule 56(f) is itself

6     sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'") (quoting

7     *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994)).

8        Given our disposition, we need not reach Ohio Casualty's argument that the appellants'

9     brief "is so flawed that appellate review is unwarranted and unfair."  We have considered all of

10    appellants' claims and find them to be without merit.  Accordingly, we AFFIRM the judgment of

11    the district court.

12

13                  For the Court,

14                  ROSEANN B. MACKECHNIE,

15                  Clerk of Court

16

17

18                  By: _____

19                  Oliva M. George, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
DEPUTY CLERK

4